# Kline *versus* Johnston.

1. Parties have no right to responses to propositions unconnected with the facts of the case.

2. It is incumbent on the plaintiff in error, when he desires the opinion of the Court of review upon a question of law, to present in his paper-book the facts upon which it arises; and if this be not done it will be presumed, if the presumption be not excluded by the nature of the case, either that the question was immaterial or that facts existed which justified it.

3. A prior possession is sufficient to entitle the plaintiff in ejectment to recover against a mere intruder.

4. One who enters on vacant land, with a view to acquire a title under the laws of the state, may recover against one who turns him out without right.

5. A landlord may recover against a tenant without showing any other title than such relation and the termination of the tenant's rights under the lease.

6. In such cases the plaintiff may recover notwithstanding the existence of an outstanding title in a third person, or *in the Commonwealth*.

ERROR to the Common Pleas of *Allegheny county*.

This was an ejectment by John M. Johnston against Henry Kline, to recover about two acres of land situate in Elizabeth township, Allegheny county, bounded by lands of Daniel Warren, by other lands of Johnston and Kline. February 17, 1854, tried by jury, and verdict on February 22, for plaintiff, for six cents damages and six cents costs.

Kline, the defendant below, was in possession of the land in controversy at the time suit was brought, and had been since the year 1848 or 1849. The plaintiff and defendant each owned a tract of land adjoining, and between which was this disputed parcel. The plaintiff claimed to recover the property by showing a patent, dated 10th June, 1793, for 349 acres and allowance, to

[Kline v. Johnston.]

Matthew McKinny. Some time before the death of McKinny, he got a survey made by one Ashcroft, in view of making his will and dividing his property between his two sons, James and Henry; and subsequently, on the 18th March, 1809, he made his will, devising to Henry the eastern end of the whole tract *as far as* the line run by Ashcroft, " be it what it may;" and the residue of his estate he devised to his son James. The plaintiff showed a deed from Henry McKinny to William McKinley, dated 16th March, 1816, for his interest of his father's estate, and describing it as being bounded by *vacant land* on one side. Then a will from William McKinley to his son William, for the same property, dated 23d December, 1828; and, lastly, a deed from William McKinley, the devisee, to John M. Johnston, dated 20th February, 1851. The plaintiff, in addition, gave the deposition of William McKinley, Jr., in evidence, in which he stated that he owned the land in dispute from 1816 till 1851, when he sold to the plaintiff; and that several persons residing on it acknowledged his title and paid him rent.

In opposition to the paper title of plaintiff below, the defendant alleged that the disputed tract was not contained in the original grant from the Commonwealth to Matthew McKinny, and that it was still *vacant*. But if it was contained in the grant to Matthew McKinny, that it lay beyond the *Ashcroft* line, and never was owned by Henry McKinny, under whom the plaintiff sought to claim, but went to James as the devisee of the remainder of the estate. The testimony of William McKinley, Jr., that he had owned and possessed the land for the time stated by him was denied; and the testimony of some of those who, he stated, paid him rent and acknowledged his title, was given to the contrary. The defendant below also showed that *James* McKinney released all his interest in the disputed tract to him.

In the counter statement it was alleged that, in running round the farm, Ashcroft did not, as his survey showed, run any of the outside lines so as to correspond with any of the original lines of the survey; but by his division the two brothers held, claimed, and sold; and their other lines were the original lines of the tract. On the east end of this tract there was a small piece of vacant land, which Thomas Forsyth, by warrant and survey, took up in 1835, by a line agreeing with the original survey of the McKinny land. Forsyth's title became vested in Kline, but it was alleged that it did not embrace the land in dispute, but adjoined it. Also, that, to this east end of the tract, the plaintiff showed, in himself, the McKinny title; and that defendant had *rented* the land in dispute, and then made claim to it.

On part of the defendant, it was stated, that the questions then for the jury were: 1. Whether the patent to Matthew McKinny included this disputed strip. And if so, whether the Ashcroft

[Kline *v.* Johnston.]

line included the same, or threw it out. 2. If the land was still vacant, whether plaintiff had *any right* which could prevail against the defendant in possession.

The *plaintiff* asked the Court to charge to the effect that, if the jury believe from the evidence that division lines were run, dividing the east end from the west end of said plantation, by Ashcroft, then the title of said Henry extended from said division line to the extreme boundary of the plantation, and that so far as the said Matthew owned on the eastern end of the plantation, so far the title in Henry will extend. This was affirmed by the Court.

In the 11th point, the *defendant's* counsel asked the Court to charge, *inter alia*, that, " if the jury believe that the land in dispute belonged to *James McKinny*, under the will of his father, plaintiff cannot recover." To which the Court answered : " If McKinny had a better title than Johnston, and Kline had that title."

12. " If James McKinny had title under the will of his father to the land in dispute, as he testifies, and transferred it to Kline, plaintiff cannot recover." Answer. " This case depends not on who has a *claim* or *title*, but whether the plaintiff or defendant has *proved* and *made out* the better title."

15. " If the jury believe the title of the strip of land in dispute to be still in the Commonwealth, or what is called vacant land, plaintiff cannot recover."

To which the Court answered : " The Commonwealth is no party in this suit, and the party, plaintiff or defendant, here, who has proved the better title, that is, not better than the Commonwealth, but better than his adversary, is entitled to recover."

February 22, 1854. Verdict for plaintiff.

Error was assigned to the answer of the Court to the *plaintiff's* 1st point; and to *defendant's* 11th, 12th, and 15th points.

*Stowe* and *Howard*, for plaintiff in error.

*Woods*, for defendant in error.

The opinion of the Court was delivered by

Lewis, J.—It is impossible to administer justice by giving mere isolated responses to points unconnected with the facts of the case. If a plaintiff in error may demand a response on one abstract principle he has the same right in respect to all other questions of law, whether they arise in the case or not. To permit such a practice would be to place the time and attention of the judicial tribunals at the disposal of any one who chooses for his amusement or instruction to put interrogatories, and would unne-

[Kline *v.* Johnston.]

cessarily vex the parties by exposing their judgments to the danger of reversal for immaterial errors. Courts of justice are established to determine controversies actually existing, not to decide abstract principles. It is the duty of the plaintiff in error, when he desires the opinion of the Court of review upon a question of law, to present, in his paper-book, the *facts* upon which it arises. Where he does not do this, we are bound to presume, if the nature of the case does not exclude such presumption, either that the question was immaterial to the decision, or that all the facts existed in the case which were necessary to justify it.

In this case the evidence is not furnished. The brief notes of testimony set forth are not certified by the Court as a correct statement of the evidence given in the cause. The deposition of William McKinley, Jr., is not furnished, and yet, from what is admitted in the paper-book, it contained matter very material to a proper understanding of the instructions given. The defendant in error alleges that the defendant below rented the land in dispute from the plaintiff. But no evidence touching this important circumstance is given in the plaintiff's paper-book. As the evidence has not been furnished in an authentic form, we proceed to decide the case without it. In doing so we give to the judgment below the advantage of every presumption in its favor.

There is no evidence to show that the Court ought to have given any other answer than that which was given to the plaintiff's 1st point. On the facts assumed the answer was correct.

We have no means of knowing whether the answers to the defendant's 11th, 12th, and 15th points were correct or not. A prior possession is sufficient to entitle the plaintiff in ejectment to recover against a mere intruder. A man who enters on "what is called vacant land," with a view to acquire a title under the laws of the state, may recover against one who turns him out of possession without right. A landlord may recover against a tenant without showing any other title than the relation existing between them, and the termination of the tenant's rights under the lease. In all these cases the plaintiff may recover notwithstanding the existence of an outstanding title in a third person. We do not see why an outstanding title in the Commonwealth furnishes a tenant a right to deny his landlord's right of possession, or justifies an intruder in entering upon the peaceable possession of another. With the presumption in favor of the existence of all the facts necessary to sustain the instructions given, and with nothing to repel that presumption, we cannot say that the errors complained of are made manifest. The judgment must therefore be affirmed.

                                        Judgment affirmed.